**William R. BURNS, on behalf of himself and as representative of the class herein defined, Plaintiff,**

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 84–857–B.**

United States District Court,
S.D. Iowa, C.D.

April 18, 1986.

---

Doyle D. Sanders, Peddicord and Wharton, Des Moines, Iowa, for plaintiff.

W. Don Brittin, Jr., Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, Iowa, Vaughn C. Williams, New York City, for defendant.

## ORDER OF DISMISSAL

VIETOR, Chief Judge.

The court has before it in this diversity action defendant's motion to dismiss for lack of subject matter jurisdiction. Oral argument was heard March 13, 1986, and the motion is now submitted.

Plaintiff's complaint arises out of defendant life insurance company's update program. Under the program a life insurance policyholder may agree to the substitution of an adjustable loan interest rate for the existing provision authorizing policy loans at a fixed rate. If a policyholder so agrees then he or she receives annual dividends reflecting the higher investment return that defendant expects to receive with the increased loan rates. Fixed loan rates vary between 5 and 8 percent, depending on the particular contract.

Plaintiff's contract provides for a 5 percent loan rate. His contract also provides that his "policy while in force will be credited with such share of the surplus funds of the Company as may be apportioned hereto by the Directors, such apportioned shares being designated herein as dividends." Plaintiff complains that he has expected to receive and in fact has always received dividends in amounts proportionately equal to those received by others in his same insured class and equal expectation of life and that an insured class is defined in the industry and in the practice of defendant without any reference to interest rates applicable to loans made to individual policyholders. Defendant's program distinguishes between those policyholders who agree to an adjustable interest rate and those policyholders who choose to stay with the fixed interest rate in their contract. Plaintiff asks that defendant be enjoined from apportioning dividends in this fashion and that a lien and trust be impressed upon the surplus funds of the defendant as of the date dividends have or will be apportioned so that all of plaintiff's rights and the rights of those persons similarly situated will be protected. Plaintiff also requests attorney's fees, litigation expenses, and costs.

Defendant moves to dismiss arguing that plaintiff's claim does not place in controversy an amount greater than $10,000. Plaintiff alleges in his first amendment to his complaint that defendant's actions have resulted in a shifting of as much as $15,000,000 from plaintiff and others similarly situated. Plaintiff does not allege his individual loss; however, the court will assume that he could amend to allege the amount in controversy he sets out in his resistance to the motion to dismiss.

This court is filing a ruling contemporaneously with this order that denies plaintiff's motion for class certification. There-

fore, the question of aggregation raised by the plaintiff need not be considered.[1]

■■■ The jurisdictional issue is thus whether defendant individually puts into controversy a claim that exceeds $10,000. In an action seeking injunctive relief, the value of the right sought to be enforced determines the amount in controversy. *Bishop Clarkson v. Memorial Hospital v. Reserve Life Insurance Co.*, 350 F.2d 1006, 1008 (8th Cir.1965); *Hedberg v. State Farm Mutual Automobile Insurance Co.*, 350 F.2d 924, 928 (8th Cir.1965). The burden is on the party seeking to establish jurisdiction to show the jurisdictional facts by competent and preponderant proof. *Hedberg*, 350 F.2d at 929. The exact amount need not be established. *Bishop*, 350 F.2d at 1010.

■■■ Plaintiff projects his dividend loss over his remaining life expectancy of 15 years at $12,823 and increases this amount to $19,230 by adding 8 percent investment income during his remaining life expectancy. To calculate the $12,823 amount, plaintiff uses the company's projections of dividends that plaintiff would receive if he did not adopt the program and the dividends he would receive if he did adopt the program. (These dividend projections are based on the company's dividend scale as of May 1984. See Exhibit 6 attached to plaintiff's brief filed December 20, 1986.) Plaintiff calculates the average for each year to the year 2000 of the amount of the dividend he would receive if he were in the program and the amount he would receive if he were not in the program. Plaintiff then subtracts for each year to the year 2000 his projected non-program dividend from the average he has calculated for that year. Plaintiff adds these differences together to reach the $12,823 figure.

There is no guarantee in the insurance contract between plaintiff and defendant that any dividends will be paid. The projections of future dividends relied on by the plaintiff are not guaranteed. Indeed, interest rates might fall to an extent that the policyholders who have adopted the update program will receive dividends no greater than what plaintiff will receive. The amount and the existance of plaintiff's future loss of dividends are thus speculative and probably need not be considered at all. *See Johnson v. County of Chester*, 413 F.Supp. 1299, 1308–09 (E.D.Pa.1976).

Even considering plaintiff's projected future lost dividends, however, the court finds merit in defendant's criticisms of plaintiff's methodology. The projected increased dividends after the update program reflect the anticipated additional income received by defendant through the market determined investment rates, apparently assuming an investment rate of 13.59%. See exhibit 6 attached to plaintiff's brief filed December 20, 1985. Plaintiff gives no explanation for claiming this additional income as part of his lost dividends, and the court agrees with defendant that plaintiff may not claim, as part of the value of the injunction he seeks, the potential increased profits resulting from the program plaintiff attacks. Plaintiff's increase of his asserted loss by adding 8 percent investment income over his lifetime is also inappropriate. Finally, the injunction plaintiff seeks would not compel increased future dividend payments but would only create the potential for greater payments in the future. Where an injunction protects only a potential right as in this case, the court believes that only the present value of the possible additional dividends can be considered in determining the value of the right sought to be enforced. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 642 n. 10, 95 S.Ct. 1225, 1230 n. 10, 43 L.Ed.2d 514 (1975). It is a certainty that present value of the future dividend loss plaintiff claims is less than $10,000.

For all of these reasons the court finds that the right sought to be enforced by plaintiff is to a legal certainty less than

1. Even if this action were allowed to proceed as a class action, the court doubts that the claims of the members of the class would qualify for aggregation under *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973). *See generally* Annot., 3 A.L.R.Fed. 372, 384–88.

$10,000. Plaintiff has submitted inadequate evidence to show otherwise.

IT IS ORDERED that this case is dismissed for lack of subject matter jurisdiction.